**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NAVDEEP SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1733-PRW** |
| | ) | |
| **MARKWAYNE MULLIN[1] et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Petitioner Navdeep Singh, a noncitizen proceeding with counsel,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1).[3] United States District Judge Patrick R. Wyrick referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents filed a response, (ECF No. 8), and Petitioner filed a reply, (ECF No. 9), and Respondents later filed a notice advising that Petitioner has received a bond hearing, (ECF No. 10).

For the reasons set forth below, the undersigned recommends the Court **DENY** the Petition.

---

[1] Fred Figueroa, the Warden of the Diamondback Correctional Facility, is not a federal official, and the Government did not file a response on his behalf. (ECF No. 8:1 n.1).

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India who entered the United States without inspection on or about December 12, 2019. (ECF No. 1:2). Petitioner alleges he applied for asylum in July of 2020 and that he has employment authorization. (ECF No. 1:7-8).

On June 17, 2026, police stopped Petitioner while he was driving his work vehicle in Oklahoma, and he was transferred to the custody of U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1:2).[4] That same day, an ICE Assistant Field Office Director issued a Form I-200, Warrant for Arrest of Alien, finding probable cause to believe Petitioner is removable, and a deportation officer served the warrant on Petitioner in Oklahoma City. (ECF No. 8-1:1). The Department of Homeland Security (DHS) also served Petitioner that day with a Notice to Appear (NTA) charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present without admission or parole. (ECF No. 8-2:1, 3). Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma.[5]

Petitioner filed the instant Petition on July 9, 2026, and his reply on August 6, 2026. (ECF Nos. 1 & 9). On August 12, 2026, an Immigration Judge (IJ) held a custody redetermination hearing and denied bond because Petitioner "did not establish not a flight risk." (ECF No. 10-1:1). Both parties reserved appeal to the Board of Immigration Appeals

[4] The Petition elsewhere states that Petitioner was arrested on February 17, 2026. (ECF No. 1:17, 23, 27). The remainder of the Petition, the warrant, and the NTA indicate his arrest was on June 17, 2026, (ECF Nos. 1:2 & 8-1:1, 8-2:1), so the undersigned construes the February date as a typographical error.

[5] *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Sept. 30, 2026).

(BIA). (ECF No. 10-1:2).[6] On September 28, 2026, Petitioner was granted voluntary departure.[7] The time for filing an appeal has not passed, thus, the removal order is not yet final. *See* 8 C.F.R. § 1241.1.

## II. PETITIONER'S CLAIMS

Petitioner asserts four claims for relief: (1) his detention violates the Immigration and Nationality Act (INA) because he is subject to 8 U.S.C. § 1226(a), not § 1225(b)(2)(A); (2) his arrest and detention without a warrant, probable cause, or a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment; (3) Respondents violated the Administrative Procedure Act (APA) by detaining him without an individualized rationale and arresting him without a warrant; and (4) his warrantless arrest violated 8 U.S.C. §§ 1226(a) and 1357(a)(2) and the Fourth Amendment. (ECF No. 1:20-28).

Petitioner seeks his immediate release, arguing that a bond hearing cannot cure an arrest that was unlawful from its inception. (ECF No. 1:17-19). Alternatively, he requests a bond hearing at which the government bears the burden of proof by clear and convincing evidence, or that the Court conduct the bond hearing itself. (ECF Nos. 1:19, 28 & 9:9-10 & n.4). Petitioner further requests an order barring his transfer out of this District, a declaration that his arrest was unlawful, an order requiring Respondents to

---

[6] The appeal deadline was September 11, 2026. (ECF No. 10-1:2). The record does not reflect whether either party appealed. Respondents do not argue that Petitioner failed to exhaust his administrative remedies.

[7] *See* EOIR Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 30, 2026).

return his seized property, and an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA).[8] (ECF No. 1:28-29).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. DISCUSSION

### A. Section 1226(a) Governs Petitioner's Detention

Respondents maintain Petitioner is detained under § 1225(b)(2)(A), but they acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different outcome." (ECF No. 8:1 & n.2). Section 1225 generally applies at the border and § 1226 in the interior. *See Santillan Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."). Petitioner entered without inspection and lived in the interior for more than six years before he was detained following a traffic stop in Oklahoma. (ECF No. 1:2). Petitioner's

---

[8] Because the undersigned recommends denying the Petition, Petitioner is not a prevailing party entitled to fees and costs under EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

detention is therefore governed by § 1226(a) as is evidenced by the fact that he has already had a bond hearing under this provision.

**B. Petitioner Received the Bond Hearing § 1226(a) Requires**

A bond hearing is "the very process Congress prescribed for detainees held pursuant to § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see Santillan Quiroz*, 180 F.4th at 1248.[9] Petitioner received that hearing on August 12, 2026. (ECF No. 10-1:1).[10]

This Court cannot review the IJ's discretionary decision to deny bond. Section 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar.

---

[9] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner was never released from immigration custody, and nothing in the record suggests he is entitled to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026); *cf. Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge).

[10] Respondents contend the hearing moots this case. (ECF No. 10:1). But a case becomes moot only when it is impossible for the court to grant any effectual relief. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109-10 (10th Cir. 2010). Because Petitioner seeks immediate release and, alternatively, a hearing under a different burden of proof, the August 12, 2026 hearing did not give him all the relief he requests. The undersigned therefore addresses the merits rather than recommending dismissal as moot.

17, 2026). And although § 1226(e) does not bar review of constitutional claims or questions of law, Petitioner has identified no such defect in his August 12, 2026 hearing.[11]

In his reply, filed before the hearing, Petitioner predicted that the IJ would deny bond based on generic factors and asked the Court to order his release or conduct the bond hearing itself. (ECF No. 9:8-10). But those generalized concerns, drawn from other petitioners' hearings in other districts, say nothing about the hearing Petitioner actually received. He does not allege, for example, "that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof." *Id.* He therefore "has not shown that the decision was somehow legally erroneous or unconstitutional." *Id.*; *see also Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 & n.9 (W.D. Okla. Apr. 3, 2026), *adopted*, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026). The Court should decline to revisit the IJ's decision, to conduct a bond hearing itself, or to order a new hearing at which the government bears the burden of proof.[12]

---

[11] Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified); *see also Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 & n.11 (W.D. Okla. Mar. 3, 2026). Both the Petition and the reply predate the hearing, and Petitioner has not responded to Respondents' notice. Although the IJ's order is a brief form order, Petitioner, who is represented by counsel, identifies no constitutional or legal defect in it.

[12] Under the regulations governing § 1226(a) custody determinations, the noncitizen must show that his release would not pose a danger and that he is likely to appear for future proceedings. 8 C.F.R. §§ 236.1(c)(8); *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006). Judges in this District have consistently declined to order burden shifting. *See, e.g.*, *Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026). The out-of-circuit authority on which Petitioner relies does not persuade the undersigned to depart from that practice. *See* (ECF Nos. 1:19; 9:6, 10 n.4) (citing, e.g., *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020); *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331 (M.D. Ga. 2020)).

### C. Petitioner's Arrest Claims do not Entitle him to Release.

The core of the Petition is Petitioner's contention that he was arrested without a warrant, rendering his detention void and requiring his immediate release. (ECF Nos. 1:3, 12-19, 26-28; 9:1-3). The record refutes that premise. "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Respondents submitted a Form I-200 warrant issued and served on June 17, 2026, the day Petitioner was detained, reflecting a probable cause determination that he is removable. (ECF No. 8-1:1). In his reply, Petitioner calls the warrant "deficient," but he identifies no defect in the warrant itself. (ECF No. 9:2-3). Petitioner argues only that Respondents have not explained what probable cause supported the local traffic stop that preceded it. *Id.* Any claim that Petitioner is detained without a warrant therefore fails.[13]

To the extent Petitioner challenges the initial traffic stop by local police, as his reply emphasizes, (ECF No. 9:2-3), that challenge does not entitle him to release either. Petitioner's present detention rests on the administrative warrant and his pending removal proceedings, and "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest,

---

[13] Petitioner's authorities addressing warrantless immigration arrests including the *Castañon Nava* settlement, the class certified in *Ramirez Ovando*, *United States v. Pacheco-Alvarez*, 227 F. Supp. 3d 863 (S.D. Ohio 2016), and *Orellana v. Nobles County*, 230 F. Supp. 3d 934 (D. Minn. 2017) do not apply to an arrest made on an administrative warrant. (ECF No. 1:15-16, 27). And unlike in *Javier De Jesus Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025), (ECF No. 1:18), Respondents here have produced the warrant.

even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).[14] The Court should deny Petitioner's request for immediate release.

**D. The Court Should Deny Petitioner's Remaining Claims.**

Petitioner's due process claim fares no better. Although he frames it around his "re-detention," (ECF No. 1:22), and argues that Respondents "let" him remain at liberty for six years without identifying any change in circumstances, (ECF No. 9:5, 7), nothing in the record suggests he was previously released from immigration custody. That DHS did not detain Petitioner before June 2026 is not a prior custody determination that it later revoked. The § 1226(a) framework provides for arrest on a warrant followed by a bond hearing, *see Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018), and Petitioner has received both. Because, at most, he would be entitled to a bond hearing, which he has already received, the Court should deny this claim. *See Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026); *accord Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026).

The Court should likewise deny Petitioner's APA claim. It rests on the same warrantless arrest premise the record refutes, and claims that "necessarily imply the

---

[14] Petitioner's allegations about the stop itself are sparse. He alleges only that local police pulled him over while he was driving a truck and detained him. (ECF Nos. 1:2, 13; 9:1). And local police are not respondents in this action.

invalidity of [his] confinement" "must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified); *see also Soberanes*, 388 F.3d at 1310.[15]

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DENY** the habeas Petition.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 7, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 30, 2026.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[15] Petitioner's remaining requests require no action. His request to bar his transfer out of this District will be moot upon adoption of this recommendation, his request for a declaration that his arrest was unlawful fails for the reasons stated above, and he offers no facts or authority supporting his request for the return of his seized property.